<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**REED YOUSELF IJBARA,**<br><br>Debtor. | |
| **BEIJING GONGMEI IMPORT & EXPORT CO., LTD.**, a corporation of the People's Republic of China, and **ZHEJIANG SHIXIN TEXTILE GARMENT CO. LTD.**, a corporation of the People's Republic of China,<br><br>Plaintiffs,<br>v.<br><br>**REED YOUSELF IJBARA, an individual,**<br><br>Defendant. | Case No.: 13-33767 (TBA)<br><br>Judge:   Hon. Michael B. Kaplan<br><br>Adv. No.: 14-01078 (TBA) |

<u>**OPINION**</u>

**APPEARANCES:**

Crowley & Crowley
Noel C. Crowley, Esq.
20 N. Park Place, Suite 206
Morristown, New Jersey  07960
*Co-Counsel for Plaintiff Beijing Gongmei*

Sumsion Business Law, LLC
Steven R. Sumsion, Esq.
Kevin R. Worthy, Esq.
3651 North 100 East, Suite 300
Provo, Utah  84604
*Co-Counsel for Plaintiff Beijing Gongmei*

Karina Pia Lucid, Esq., LLC
3640 Valley Road, Suite 2-A
PO Box 230
Liberty Corner, New Jersey  07938
*Counsel for Debtor*

**THE HONORABLE MICHAEL B. KAPLAN, BANKRUPTCY JUDGE**

Before the Court is the motion ("Motion") of Reed Y. Ijbara ("Debtor") to dismiss the adversary complaint of plaintiffs Beijing Gongmei Import & Export Co., LTD and Zhejiang Shixin Textile Garment Co., LTD pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 9012(b)(6).  The Complaint alleges that debts incurred by the Debtor's former businesses, and allegedly personally guaranteed by the Debtor at a later date, are nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code.  The Complaint further asserts that the Debtor should be denied a discharge under § 727 due to his failure to maintain appropriate records concerning his personal financial condition or that of his businesses.

## I. JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(I) & (J).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

Prior to filing a chapter 7 bankruptcy petition on October 30, 2013, the Debtor was part owner of several New Jersey business entities, including New Venezia Textiles, Inc. and Princess Sheet Corporation (together, "Entities"), local distributors of imported textiles.  (*See* Am. Compl. ("Compl.") at ¶ 6, May 27, 2014, ECF No. 9)  The plaintiffs are Chinese corporations Beijing Gongmei Import & Export Co., LTD ("Gongmei") and Zhejiang Shixin Textile Garment Co., LTD. ("Shixin," and together with Gongmei, the "Plaintiffs").  (*Id.* at ¶¶ 2-3)  The Entities began ordering

goods from the Plaintiffs in May 2004 and remained current on all payments due until October 2006. (*Id.* at ¶¶ 9-10) Around that time, the Entities received $925,953.33 in goods from Gongmei and $427,471.03 in goods from Shixin for which they never paid. (*Id.*) In August 2007, representatives of the Plaintiffs traveled to the United States from China to negotiate the payments due on these shipments. (*Id.* at ¶¶ 11-12) During their visit, the Plaintiffs' representatives obtained "Payment Commitments" allegedly signed and personally guaranteed by the Debtor in which the Entities promised to pay Shixin the full amount it was owed ($427,471.03) and to pay Gongmei $825,953.33 of the $925,953.33 it was owed.[1] (*Id.* at ¶ 13) Upon receiving only a single payment in the amount of $4,000 from the Entities over the next year, the representatives returned to the United States in April 2008 and obtained an additional Payment Commitment for the $427,471.03 owed to Shixin and a Payment Commitment for $821,953.33, the remainder of the debt owed to Gongmei. (*Id.* at ¶¶ 17-18) The Payment Commitments stated that all payments would be made "by the end of 2009" and were personally guaranteed by the Debtor, although the Debtor denies signing the documents.[2] (*Id.* at ¶¶ 19, 30) According to the Plaintiffs, the Debtor signed the Payment Commitments in exchange for their forbearance from suing to collect on the debts. (*Id.* at ¶ 20)

With the exception of a $7,000 payment on the debt owed to Shixin, the Debtor failed to make any further payments on the debts. (*Id.* at ¶ 33) In June 2010, the Plaintiffs filed suit against the Debtor in the United States District Court for the District of New Jersey, alleging eleven causes of action, including breach of contract, unjust enrichment, and fraud. *See Beijing Gongmei Import & Export Co., Ltd. v. Ijbara*, No. 2:10-CV-02821-SDW-ES (D.N.J. 2010). The complaint asserted that

---

1 Gongmei states that it agreed to reduce the amount of the debt owed by approximately $100,000 in exchange for the Payment Commitment.
2 The "Payment Commitments" are attached to the Plaintiff's Amended Complaint at pages 19-21. (*See* ECF No. 9)

4

the Debtor signed the Payment Commitments knowing that neither he nor his business was capable of honoring their terms. On August 6, 2012, the District Court denied both parties' motions for summary judgment, finding the existence of genuine issues of material fact with respect to the Debtor's alleged fraud.

The Debtor filed a chapter 7 petition on October 30, 2013 and the Plaintiffs filed the instant nondischargeability complaint on January 23, 2014. An Amended Adversary Complaint (the "Complaint") was filed on May 27, 2014. The first count of the Complaint asserts that the debts owed to the Plaintiffs should be declared nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code because the Debtor persuaded the Plaintiffs to forbear from attempting to collect on their debts by making false representations regarding his ability to fulfill his obligations under the Payment Commitments. (Compl. at ¶¶ 48-68) The second count asserts that the Debtor should be denied a discharge pursuant to § 727(a)(3) because he concealed or failed to preserve appropriate books and records regarding the transactions or from which his financial condition or that of the Entities could be ascertained. (*Id*. at ¶¶ 69-72) Count three asserts that the Debtor should be denied a discharge under § 727(a)(4) because the Debtor fraudulently induced the Plaintiffs to forbear from collecting on their debts by entering into the Payment Commitments. (*Id*. at ¶¶ 73-103) The final count of the Complaint asserts that the Debtor should be denied a discharge pursuant to § 727(a)(5) because he has not adequately explained why assets were not available to meet his obligations under the Payment Commitments. (*Id*. at ¶¶ 104-06)

On October 19, 2014, the Debtor filed the instant Motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9012(b)(6). The Motion was argued before the Court on February 26,

2015 and the Court reserved.

### III.  DISMISSAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. While Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint that states only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570).

Moreover, because claims seeking a judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(2) include an element of fraud, they must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See In re Kroen,* 280 B.R. 347, 350 n. 2 (Bankr. D.N.J. 2002) (citing *In re Kanaley*, 241 B.R. 795, 803 (Bankr. S.D.N.Y. 1999). Rule 9(b) provides that:

> [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). In other words, such claims must include details concerning the "circumstances constituting fraud" including the "who, what, when, where, and how." *In re Dulgerian,* 388 B.R. 142, 147 (Bankr. E.D.Pa. 2008) (citing *In re Rockefeller Center Properties Inc. Securities Litigation*, 311 F.3d 198, 218 (3d Cir. 2002)). A complaint that merely states the elements of a claim under § 523 without making the necessary factual assertions does not meet the heightened pleading

requirements of Rule 9(b) and must be dismissed. *Id.* (citing *American Express Travel Related Services Co. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y. 2001).

### IV. THE SUFFICIENCY OF PLAINTIFFS' COMPLAINT

#### A. Count I: 11 U.S.C. § 523(a)(2)

The Plaintiffs move for a determination of nondischargeability pursuant to § 523(a)(2) of the Bankruptcy Code. This provision states, in relevant part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>
> (2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> (A) false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). To prevail on a claim under this section a creditor must prove the following elements:

> (1) the debtor obtained money, property or services through a material misrepresentation;
>
> (2) the debtor, at the time, knew the representation was false or made with gross recklessness as to its truth;
>
> (3) the debtor intended to deceive the creditor;
>
> (4) the creditor reasonably relied on the debtor's false representations; and
>
> (5) the creditor sustained a loss and damages as a proximate result of the debtor's materially false representations."

*In re Cohen*, 191 B.R. 599, 604 (D.N.J. 1996) (quoting *In re Poskanzer,* 143 B.R. 991, 999 (Bankr. D.N.J. 1992)). Because this exception renders specific debts incurred by way of fraud

nondischargeable, the alleged fraud must result in the transfer of property or something else of value from the creditor to the debtor. *See In re Glunk*, 343 B.R. 754, 758 (Bankr. E.D. Pa. 2006) ("The plain language of the statute unambiguously requires, as a threshold matter, that something of value—specifically, money, property, services, or an extension, renewal, or refinancing of credit—be transferred to the debtor from the creditor to sustain a claim under § 523(a)(2)(A)."). Frauds that do not cause the creditor to sustain a loss do not qualify. *See id.* ("[F]rauds which do not involve the delivery of money, property, services or an extension, renewal, or refinancing of credit are not encompassed by this discharge exception.") (citing *In re Rountree*, 330 B.R. 166, 171 (E.D. Va. 2004)).

The Plaintiffs' § 523 claim fails to state a claim for relief because it does not aver that they suffered any loss as a result of the Debtor's alleged false representations. The Complaint identifies the following harm resulting from the Debtor's alleged fraud: harm caused by the Plaintiffs' forbearing from bringing suit against the Entities, Gongmei's reduction of the amount outstanding on the debt by $100,000, and the generic harm caused by the Debtor's "refus[al] to pay for goods which [the Debtor] received." (Compl. at ¶ 89). None of these alleged harms give rise to a legally cognizable § 523 claim because none of them involve the transfer of anything of value from the Plaintiffs to the Debtor as a result of an alleged false representation. The only loss suffered by the Plaintiffs is breach of contract damages caused by the Entities' inability to make good on their promise to pay for the shipments of goods, but there is no allegation that these debts were incurred by way of fraud.

Plaintiffs acknowledge that no additional products were shipped after the alleged execution of the Payment Commitments. Even assuming, *arguendo*, that the Debtor signed the Payment

Commitments with the intent to deceive the Plaintiffs regarding his ability to repay, any fraudulent representation would not render the underlying debt nondischargeable because the fraud did not result in the Debtor obtaining any "money, property or services or an extension, renewal, or refinancing of credit" to the detriment of the Plaintiffs. 11 U.S.C. § 523(a)(2)(A). Indeed, any forbearance or reduction in the indebtedness benefits the Debtor's corporation only, for at that point he had no guaranty liability. In fact, the Plaintiffs' position actually improved as a result of these representations because the Debtor made a $4,000 payment to Gongmei and a $7,000 payment to Shixin after entering into the Payment Commitments. Thus, because the Complaint does not aver that the Plaintiffs suffered a legally cognizable "loss and damages as a proximate result of the debtor's materially false representations," an essential element of the claim is absent and the § 523(a)(2) claim must be dismissed. *In re Cohen*, 191 B.R. at 604.

Notwithstanding the foregoing, Plaintiffs fail to set forth any facts, apart from conclusory recitations, which support a finding that the Debtor did not intend to repay his obligations under the Payment Commitments. A creditor seeking to except a debt from discharge must establish more than the mere fact that a debtor failed to perform his repayment obligations; rather, a creditor must prove that the debtor did not intend to repay the debt at the time in which the agreement was entered. *August,* 448 B.R. at 350; *In re Singh,* 433 B.R. 139, 163 (Bankr.E.D.Pa.2010); *In re Harrison,* 301 B.R. 849, 854 (Bankr.N.D.Ohio, 2003); *In re Maurer,* 112 B.R. 710, 713 (Bankr.E.D.Pa.1990) (citations omitted); *See, e.g., In re Hammill,* 61 B.R. 555, 556–57 (Bankr.E.D.Pa.1986). *In re Ricker*, 475 B.R. 445, 457 (Bankr. E.D. Pa. 2012).

It is well established that "a broken promise to repay a debt, without more, will not sustain a cause of action under § 523(a)(2)(A)." *In re Harrison,* 301 B.R. 849, 854 (Bankr.N.D.Ohio, 2003).

Were it otherwise, every breach of contract would give rise to a nondischargeability claim under § 523(a)(2)(A). "Instead, central to the concept of fraud is the existence of scienter which, for the purposes of § 523(a)(2)(A), requires that it be shown that at the time the debt was incurred, there existed no intent on the part of the debtor to repay the obligation." *Id.* As set forth above, determining whether a debtor had the requisite fraudulent intent involves a subjective inquiry. *Field,* 516 U.S. at 70–72, 116 S.Ct. 437. *In re Singh*, 433 B.R. 139, 163 (Bankr. E.D. Pa. 2010). While relevant in considering the question of intent, a failure to repay a debt caused by mere negligence, poor business judgment, or objective inability to pay at the time the debt was incurred are not by themselves sufficient grounds for an exception from discharge under § 523(a)(2)(A). *See Singh,* 433 B.R. at 161; *See, e.g., Ritter,* 404 B.R. at 826, 827; *Hammill,* 61 B.R. at 557. *In re Ricker*, 475 B.R. 445, 457 (Bankr. E.D. Pa. 2012).

Plaintiffs have failed to offer relevant facts which would support a finding that the Debtor did not intend to repay the debt at the time in which the agreement was entered. Thus, on this record, the Court cannot sustain a § 523(a)(2)(A) claim that the Debtor had the requisite scienter when he agreed to the Payment Commitments. The Court, therefore, will dismiss Count I for failure to demonstrate (i) a legally cognizable loss and (ii) the requisite intent requirement in order to succeed on a claim pursuant to § 523(a)(2)(A).

**B.     Counts II through IV: 11 U.S.C. § 727(a)(3), (4), and (5)**

In addition to the § 523 claim, the Complaint asserts that the Debtor's conduct warrants a global denial of discharge pursuant to §§ 727(a)(3), (4), and (5) of the Bankruptcy Code. In furtherance of the Bankruptcy Code's purpose of providing honest debtors with a fresh start, denials of discharge are generally disfavored and § 727 claims are "construed liberally in favor of the debtor

and strictly against the objector." *In re Rubin*, 12 B.R. 436, 440 (Bankr. S.D.N.Y. 1981); *see also Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors."); *In re Devers*, 759 F.2d 751, 754 (9th Cir. 1985).

### (i) Section 727(a)(3)

Section 727(a)(3) provides:

> (a) The court shall grant the debtor a discharge, unless– . . .
>
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3). To prevail on a claim under this section, a plaintiff must show: (1) that "the debtor failed to keep or preserve records," and (2) that "such failure was not reasonable under the circumstances and this failure makes it impossible to ascertain the debtor's true financial condition or business transactions." *See In re Henderson*, 423 B.R. 598, 616 (Bankr. N.D.N.Y. 2010); *see also Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 354 (4th Cir. 2007). Whether a debtor's failure to maintain adequate records warrants a denial of discharge is evaluated on a case by case basis. *In re Henderson*, 423 B.R. at 617. Courts look to considerations such as the debtor's "occupation, financial structure, education, experience, sophistication and any other circumstance that should be considered in the interest of justice." *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 882 (6th Cir. B.A.P. 1999).

Here, the Complaint asserts that the Debtor failed to produce information from which his personal financial condition or that of the Entities could be ascertained. However, the Plaintiffs do

not provide any details regarding the kind of information that was not produced and which would offer them additional insight into the Debtor's financial condition. Instead, the Complaint merely mirrors the language of § 727, stating, "[s]pecifically, Ijbara has concealed, destroyed, falsified or failed to keep or preserve recorded information relating to the business transactions." (Compl. at ¶ 71) These averments fail to state a plausible claim for relief because they do not include any facts from which the Court could conclude that the Debtor failed to provide information in connection to his bankruptcy proceeding. The Debtor appeared at the § 341 meeting of creditors and all documentation relevant to his financial affairs was made available to the Trustee and all interested parties. No parties filed requests for additional information or alleged insufficient production of records at any time. While the Plaintiffs argue that the Debtor is a sophisticated businessperson with a heightened duty to preserve business records, the same can be said of the Plaintiff corporations; and yet, the Plaintiffs do not assert that they ever inspected or even requested any documents pertaining to the financial condition of the Debtor or the Entities before agreeing to the initial transactions or entering into the Payment Commitments.

As the Complaint includes no factual predicate from which the Court could conclude that the Debtor failed to produce books and records relevant to his bankruptcy proceeding, the § 727(a)(3) claim is dismissed.

      **(ii)**    **Section 727(a)(4)**

Section 727 (a)(4) provides:

    (a)    The court shall grant the debtor a discharge, unless – . . .

        (4) the debtor knowingly and fraudulently, in or in connection with the case –

          (A)    made a false oath or account;

   (B)  presented or used a false claim;

   (C)  gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

   (D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

11 U.S.C. § 727(a)(4). As the statute makes clear, in order for a debtor to be denied a discharge under this section, the false representation must have been made "in or in connection with" the bankruptcy case. *Id.* Here, the Complaint does not include any factual allegations concerning conduct of the Debtor "in or in connection with" the bankruptcy proceeding. The Plaintiffs' § 727 (a)(4) claim does not reference any oaths, statements, or fraudulent conduct made in the bankruptcy proceeding and instead merely repeats many of the factual allegations previously stated in its claims under §§ 523 and 727(a)(3). (*See* Compl. ¶ 73-103) As the Complaint fails to allege fraudulent conduct by the Debtor during the pendency of the bankruptcy proceeding, the Plaintiffs' § 727(a)(4) claim is dismissed.

   **(iii)**  **Section 727(a)(5)**

Section 727 (a)(5) provides:

   (a)  The court shall grant the debtor a discharge, unless . . .

    (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; . . . .

11 U.S.C. § 727(a)(5). Inasmuch as the language of this section does not include an element of

intent, it is not subject to the heightened pleading requirements for fraud. *See Ehle v. Brien (In re Brien)*, 208 B.R. 255, 258 (B.A.P. 1st Cir. 1997); *Nof v. Gannon (In re Gannon)*, 173 B.R. 313 (Bankr. S.D.N.Y. 1994). Nonetheless, a plaintiff cannot merely allege a general lack of assets and must show the disappearance of specific assets previously in the possession of the debtor. *See In re Brien*, 208 B.R. at 258 (noting that under § 727(a)(5) "the plaintiff has the initial burden of identifying the assets in question by appropriate allegations in the complaint and showing that the debtor at one time had the assets but they are no longer available for the debtor's creditors.") (quoting *Olson v. Potter (In re Potter)*, 88 B.R. 843, 849 (Bankr. N.D. 1988)); *Rimbau v. Colodner (In re Colodner)*, 147 B.R. 90, 94 (Bankr. S.D.N.Y. 1992) (stating that a "creditor must allege and prove that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss.").

Here, the Complaint is deficient in that it again merely mirrors the elements of § 727(a)(5), without averring the existence or disappearance of any specific assets of the Debtor. In fact, after incorporating by reference the allegations set forth in the rest of the Complaint (which make no mention of specific assets belonging to the Debtor), the Plaintiffs' § 727 (a)(5) claim states, in its entirety:

> 105. Ijbara has failed to explain satisfactorily the loss of assets or deficiency of assets to meet the debtor's liabilities.
>
> 106. Specifically, Ijbara has failed to explain why his assets have not been sufficient to meet his obligations under the Gongmei Payment Commitments or the Zhejiang Payment Commitments.

Inasmuch as the Complaint lacks any factual detail regarding the Debtor's alleged failure to satisfactorily explain a loss of assets, the Plaintiffs' claim under § 727(a)(5) is dismissed.

## V. CONCLUSION

In all, the Complaint lacks the necessary factual averments to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b). Accordingly, the Debtor's Motion to dismiss the Complaint is granted. Counsel fees are not awarded to either party.

An Order in conformance with this Opinion will be entered by the Court.


Dated: April 10, 2015

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge